UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONTRUCTION & ROOFING LLC
(A/A/O WALT HIGGINS),

      Plaintiff,

v.                                       Case No.: 2:19-cv-809-FtM-38NPM

LIBERTY MUTUAL INSURANCE
COMPANY,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

      Before the Court is Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss filed on November 11, 2019. (Doc. 8). Plaintiff CMR Construction & Roofing LLC (A/A/O Walt Higgins) ("CMR") has failed to respond, and the time do so has expired. For the following reasons, the Court grants Liberty Mutual's Motion to Dismiss.

      This action arises from an insurance dispute. (Doc. 3). In September 2017, Hurricane Irma caused wind damage to the roof of Walt Higgins' property ("Higgins"). (Doc. 3 at ¶¶ 6-8). Higgins assigned his rights and benefits under the insurance claim to CMR. (Docs. 3 at ¶ 10; 3-1). CMR proceeded with the roof repair and submitted a bill to the insurance company for the services rendered. (Doc. 3 at ¶ 11). The insurance company failed to pay the value of the claim in full. (*Id.*). As a result, Plaintiff brought a breach of contract action in Florida state court in October 2019. (Docs. 1-1; 3). Liberty

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Mutual timely removed the action to this Court based on diversity jurisdiction. (Doc. 1). Now, Liberty Mutual argues dismissal is appropriate because it did not issue the pertinent insurance policy and, therefore, it is an improperly named defendant. (Doc. 8). The Court agrees.

A review of the record shows Plaintiff filed its lawsuit against Liberty Mutual Insurance Company, yet the insurance policy states Liberty Mutual Fire Insurance Company issued the contract.[2] (Doc. 8-1 at 2, 6). Because Plaintiff has sued the wrong entity, dismissal of the Complaint is appropriate. *See Bellezza v. Liberty Mut. Gen. Ins. Co.*, 276 F. Supp. 3d 1258, 1259 (M.D. Fla. 2017) (dismissing case against Liberty Mutual Insurance Company where insurance policy was issued by LM General Insurance Company).

Accordingly, it is now

**ORDERED:**

1. Defendant Liberty Mutual Insurance Company's Motion to Dismiss (Doc. 8) is **GRANTED**.

2. The Complaint is **DISMISSED without prejudice**.

    a. Liberty Mutual Insurance Company is dismissed from the action.

    b. Plaintiff may file an amended complaint against the proper defendant **on or before January 21, 2020**. Should Plaintiff file an amended complaint, it is directed to effectuate service upon the

---

[2] Although the insurance policy is not attached to the Complaint, the Court may still consider it in deciding this motion because it is central to CRM's claim and it does not challenge the policy's authenticity. *See Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005) (citations omitted).

properly-named defendant in accordance with Federal Rule of Civil Procedure 4. **Failure to file a timely amended pleading will result in the closure of this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record